UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | SENTENCING MEMORANDUM |
| -against- | |
| ROBERT McCOY, | Case No.: 1:14-CR-291 |
| Defendant. | |

---

## INTRODUCTION

Defendant herein, Robert McCoy, was arrested by Bethlehem Police on July 8, 2014 and charged with violating New York State Penal Law Sections 263.05, Use of a Child in a Sexual Performance, 263.15, Promoting a Sexual Performance by a Child, and 260.10, Endangering the Welfare of a Child. Mr. McCoy was thereafter indicted by a federal Grand Jury and charged with Sexual Exploitation of a Child in violation of 18 USC 2251(a) and (e), Felony Offense Involving a Minor Child by a Registered Sex Offender in violation of 18 USC 2260A and Possession of Child Pornography in violation of 18 USC 2252A(a)(5)(b) and (b)(2).

Defendant was tried before Honorable Mae A. D'Agostino beginning on August 3, 2015 and ending on August 6, 2015 with the jury convicted defendant of each of the three counts found in the Indictment.

## GUIDELINES SENTENCE

Although the Sentencing Guidelines are no longer mandatory, the Court is required to consider them before imposing sentence. However, in Gall v. United States, 128 S. Ct. 586

1

(2007), the United States Supreme Court held that there is no presumption of reasonableness, and the Courts must consider the Guidelines, but also consider all of the factors in 18 USC 3553 (a) before imposing sentence. In United States v. Cavera, 550 F. 3d 180, the Second Circuit stated

> It is now… emphatically clear that the Guidelines are guidelines – that is, they are truly advisory. A district court may not presume that a Guidelines sentence is reasonable; it must instead conduct its own independent review of the sentencing factors… (at page 189).

The decisional law which rendered the Guidelines advisory restored substantial deference to sentencing judges while emphasizing that the Guidelines must be taken into account with other sentencing factors enumerated in 18 USC 3553(a). To determine a proper sentence, a District Court must first calculate the applicable guidelines sentencing range and, after doing so, the Court may then impose a sentence outside of the Guidelines range in light of the subsection 3553(a) factors. Instead of being bound by the Sentencing Guidelines, a sentencing court is now required to consider the Guidelines range in conjunction with those statutory factors and the resulting sentences will be reviewed based upon a standard of reasonableness.

The Gall Court emphasized that sentencing judges have the greatest access to and familiarity with the individual defendant and case and is therefore in a superior position to find facts based upon information and insights not necessarily in the record.

**Guidelines Calculation**

Initially, the defense agrees that Counts One and Three of the Indictment should be grouped for Guideline Calculation purposes as per USSG § 3D1.2(c). **(PSR ¶ 26)** The

defense would agree that the Base Offense Level for Count One of the Indictment is 32 and that the base offense level should be increased by four levels as per USSG § 2G2.1(b)(1)(A), two levels as per USSG § 2G2.1(b)(2)(A) and two levels as per USSG § 2G2.1(b)(5). **(PSR ¶ 28 – 30, 32).** The defense would argue that the four-level increase proposed in Paragraph 31 of the PSR for sadistic or masochistic conduct does not apply to Count One of the Indictment and therefore should not be scored. The Government, in its Sentencing Memorandum dated November 30, 2015 at Page 3 makes a parallel argument.

The result is an Adjusted Offense Level of 40 which must be enhanced by five levels as per USSG § 4B1.5(b)(1) thereby elevating the Offense Level to 45. However, as stated in the PSR at Paragraph 39 USSG Chapter 5, Part A at Application Note 2 requires that "An offense level of more than 43 is to be treated as an offense level of 43."

The defense would also agree that Mr. McCoy's criminal history establishes a Criminal History Category of II **(PSR ¶ 50).**

Based upon a Total Offense Level of 43 and a Criminal History Category of II the guideline range for imprisonment would be life. However, as set forth at Paragraph 67 of the PSR the authorized maximum sentences for the offenses of conviction are less than the applicable guideline range reducing Mr. McCoy's maximum exposure to 960 months.

The mandatory minimum term of imprisonment which Mr. McCoy must be sentenced to is a total of 35 years such number being arrived at by adding the mandatory minimum sentence of 25 years from Count One with the mandatory minimum sentence of ten years from Count Two. The mandatory minimum sentence for Count Three, ten years, should be run concurrently with and not consecutive to the sentence imposed for Count One.

**NON-GUIDELINES SENTENCE**

Although the sentencing guidelines are no longer mandatory, the Court is required to consider them before imposing sentence. However, the Second Circuit has *not* held that the Guidelines are presumptively reasonable, and has stated that the Guidelines do not fully incorporate the factors contained in 18 USC § 3553(a). *See United States* v. *Fernandez*, 443 F.3d 19 (2d Cir. 2006)

The recent Supreme Court decision in *Rita v. United States* did *not* hold that the circuits must employ a presumption of reasonableness. 127 S.Ct. 2456 (2007). The *Rita* opinion did say that *appellate courts may* apply a *non-binding* presumption of reasonableness which would apply *only* on appellate review. *Id.* at 2465. The Supreme Court said, "[T]he sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply." *Id.*

In addition, Justice Stevens' concurring opinion reiterated that courts must consider the 18 USC § 3553(a) factors regarding the defendant's individual characteristics not taken into account by the Sentencing Commission in the Guidelines, and pointed out that courts must not regard the Guidelines as virtually mandatory. *Id.* At 2472-73 (J. Stevens concurring). Therefore, Justice Stevens stated:

> Matters such as age, education, mental or emotional condition, medical condition (including drug or alcohol addiction), employment history, lack of guidance as a youth, family ties, or military, civic, charitable, or public service are not ordinarily considered under the Guidelines. These are, however, matters that 3553(a) authorizes the sentencing judge to consider. As such, they are factors that an appellate court *must* consider under *Booker's* abuse of discretion standard.
>
> . . . .
>
> Our decision today makes clear, however, that the rebuttability of the presumption is real. . . . Given the clarity of our holding, I trust that those judges who had treated the Guidelines as virtually mandatory during the *post-Booker* interregnum will now recognize that the Guidelines are truly advisory.

4

*Id.* at 2473-74 (internal citations omitted).

§ 3553(a) directs sentencing courts to consider (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to: (A) reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the sentencing range established by the guidelines; (5) any pertinent policy statements issued by the Sentencing Commission; (6) the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. § 3553(a) also requires courts to "impose a sentence sufficient, *but not greater than necessary,* to comply with the purposes set forth in paragraph 2." (emphasis added).

**Nature and Circumstances of the Offense/History
and Characteristics of the Defendant**

Mr. McCoy, was born in Albany in 1959, he resided in Albany, Clarksville and Westerlo while growing up and attended Berne-Knox-Westerlo Central School dropping out in the eleventh grade. Although not married Mr. McCoy has been in a committed relationship for 28 years which produced three children two daughters, age 28 and 24 and a son who passed away in 2014 following a lengthy hospitalization which resulted from a motorcycle accident. Mr. McCoy has two brothers who live in the Albany area as well as a number of nieces and nephews. **(PSR 53 – 56)** Mr. McCoy has worked a number of jobs including 27 years as an

5

interstate truck driver, mechanic and security guard. **(PSR 63)**

With respect to the remaining §3553(a) factors, the defense would assert that the mandatory minimum sentence which the Court must impose for the offenses of conviction more than adequately addresses each. Mr. McCoy will soon turn 57 years of age and considering that he has been incarcerated since July 8, 2014, Mr. McCoy must still serve an additional 33 years in prison. Should Mr. McCoy serve his maximum term of incarceration he would not be released until he was more than 90 years old. It is difficult to imagine that Mr. McCoy will ever serive out the full term of his sentence and, in every sense of the term, the statutorily prescribed mandatory minimum sentence in this case is a death sentence for this individual. Truly, little elaboration regarding this sentence is needed in reference to the "seriousness" of his offenses, the "promotion" of respect for the law, whether such sentence is an "adequate" deterrent to criminal conduct or whether such sentence would "protect" the public. Mr. McCoy will perish in an austere facility without friend or family present. It is difficult for me to imagine how adding a single day to the mandatory minimum sentences in this matter could possibly promote any §3553(a) factor. The defense finds itself in the paradoxical position of requesting that the Court avoid one death sentence (960 months) for another, (420 months). I believe it is eminently reasonable to assert that a non-guideline sentence of 35 years is more than sufficient but not greater than necessary to meet the purposes of 18 USC §3553.

It is respectfully requested that defendant, Robert McCoy, be recommended by the Court to be housed in the northeast hub of the Bureau of Prisons so as to keep him relatively close to his friends and family.

**CONCLUSION**

6

Based upon the foregoing it is submitted that Mr. McCoy should be sentenced to 420 months together with a term of supervised release as to the Court seems just and proper.

DATED: JANUARY 29, 2016

FREDERICK RENCH, ESQ., PLLC

By: Frederick Rench, Esq.
Bar Roll No. 102432
Attorney for Defendant, Robert McCoy
646 Plank Road, Suite 204
Clifton Park, NY 12065
Telephone: (518) 373-8400